UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES DAVID HELMICK,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 4:16-cr-00235-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Petitioner Charles David Helmick's Emergency 3582(c)(1)(A)(i) Motion for Compassionate Relief (Dkt. 219), in which he requests that the Court release him due to his chronic health issues and corresponding COVID-19 risk category. Also before the Court is the Government's Motion to Dismiss the motion due to Petitioner's failure to exhaust administrative remedies. Dkt. 221. The motions are fully briefed and at issue. For the reasons that follow, the Court will grant the Government's motion to dismiss for failure to fully exhaust his administrative remedies and will, accordingly, deny Petitioner's motion without prejudice to it being refiled as outlined herein.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Charles Davis Helmick was indicted on and pled guilty to one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). Dkt. 94. Helmick was sentenced to 82 months in prison. Dkt. 165. Helmick is housed at FCI-Englewood. Helmick alleges that he exhausted "all other remedies" prior to brining his motion. Dkt. 219 at 1. Helmick requests compassionate release because he is 62 years old, and has various health conditioner, including stage 2 hypertension, a compromised immune system, a hiatal hernia with scarring of his esophagus, and rheumatoid arthritis. *Id.*

The Government filed a motion to dismiss arguing that Helmick has failed to establish that he made a request to the warden at his facility. Dkt. 221 at 1. In response to the Government's motion, Helmick argues it may take him up to six months to exhaust his administrative remedies and asks the Court to provide relief now. Dkt. 222 at 1.

## ANALYSIS

A court is allowed to modify a defendant's term of imprisonment for extraordinary and compelling reasons either upon a motion of the Director of the

Bureau of Prisons or on motion of the defendant.[1] 18 U.S.C. § 3582(c). The statute provides, in relevant part, that a court

> […] upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[…]

18 U.S.C. § 3582(c)(1)(A).

Here, there is no evidence in the record to show Helmick made a request to the warden of FCI-Englewood. Thus, there is also no evidence in the record that Helmick has filed an appeal or otherwise attempted to exhaust his administrative remedies. *See* 28 C.F.R. § 571.63.

As such, the Government argues that Helmick's motion should be dismissed because he has failed to exhaust his administrative remedies. Dkt. 221 at 1-2. Until such time, the Government argues the Court lacks authority to act on Helmick's motion. In response, Helmick cites, *Wilson v. Williams*, where petitioning prisoners of a federal correctional institution brought an emergency habeas action seeking release due to the spread of COVID-19. No. 4:20-CV-00794, 2020 WL 1940882

---

[1] Section 3582 was amended by the First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194. Prior to this amendment the Court could only reduce a sentence of imprisonment upon a motion of the Director of the Bureau of Prisons.

**MEMORANDUM DECISION AND ORDER - 3**

(N.D. Ohio Apr. 22, 2020), enforcement granted, No. 4:20-CV-00794, 2020 WL 2542131 (N.D. Ohio May 19, 2020), and vacated, 961 F.3d 829 (6th Cir. 2020). *Williams* is neither analogous nor applicable here beyond the subject of the risk facing inmates due to COVID-19.[2]

Despite that risk, Section 3582(c)(1)(A) requires a defendant to (1) fully exhaust administrative remedies, or (2) show a lapse of 30 days from the warden's receipt of a request prior to filing a motion for compassionate release with the Court. The 30-day period has a purpose, even in this extraordinary time: it provides the warden time to respond to the inmate's request, but prevents the warden from sitting on the request for an unnecessarily long period of time.

Helmick has failed to show he has made any such request to the warden of FCI-Englewood. Accordingly, the Government's motion will be granted, and Helmick's motion will be dismissed without prejudice. Helmick may refile his motion for compassionate with evidence that he has made a request for release to the warden of his facility and 30 days have passed since making the request, or after otherwise fully exhausting the Bureau of Prison's administrative process.

---

[2] In *Williams*, the petitioners sought to represent a class of all facility inmates and a subclass of medically vulnerable inmates. The Ohio district court granted petitioner's motion for a preliminary injunction and ordered the respondents to identify all members of the vulnerable subclass and to consider release or to transfer to facilities with less COVID-19 contagion factors.

**MEMORANDUM DECISION AND ORDER - 4**

## ORDER

**IT IS ORDERED that:**

1. Respondent's Motion to Dismiss (Dkt. 221) is **GRANTED**.

2. Petitioner's Motion to for Compassionate Release (Dkt. 219) is **DISMISSED WITHOUT PREJUDICE**.

DATED: August 12, 2020

_____
B. Lynn Winmill
U.S. District Court Judge